AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | (For Offenses Committed On or After November 1, 1987) |
| SEAN K. WINSTON (1) | Case Number: 3:23-CR-02441-RSH |

Russell Sheridan Babcock
Defendant's Attorney

**USM Number**  89222-510

☐ –

THE DEFENDANT:

☒ pleaded guilty to count(s)   1,2,3,4,5 of the Information

☐ was found guilty on count(s) _____
after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| **Title and Section / Nature of Offense** | **Count** |
|---|---|
| 18:1343; 18:981(a)(1) and 28:2461(c)  Criminal Forfeiture; Wire Fraud | 1 |
| 18:1343; 18:981(a)(1) and 28:2461(c)  Criminal Forfeiture; Wire Fraud | 2 |
| 18:1343; 18:981(a)(1) and 28:2461(c)  Criminal Forfeiture; Wire Fraud | 3 |
| 18:1343; 18:981(a)(1) and 28:2461(c)  Criminal Forfeiture; Wire Fraud | 4 |
| 18:1343; 18:981(a)(1) and 28:2461(c)  Criminal Forfeiture; Wire Fraud | 5 |

The defendant is sentenced as provided in pages 2 through **10** of this judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ is   dismissed on the motion of the United States.

☒ Assessment : $100.00 as to each count 1,2,3,4,5 for a total of $500.00 imposed

☐ JVTA Assessment*: $ –

*Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

☒ See fine page   ☒ Forfeiture pursuant to order filed   3/11/2024  , included herein.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in the defendant's economic circumstances.

May 2, 2025
Date of Imposition of Sentence

*[signature]*
HON. ROBERT S. HUIE
UNITED STATES DISTRICT JUDGE

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | |
|---|---|
| DEFENDANT: SEAN K. WINSTON (1) | Judgment - Page 2 of 10 |
| CASE NUMBER: 3:23-CR-02441-RSH | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: 18 months as to each count 1,2,3,4,5 to run concurrently for a total of 18 months

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).
☒ The court makes the following recommendations to the Bureau of Prisons:

Incarceration in the Southern district of California to facilitate family visits
A medical screening and consideration for the use of equipment for the treatment of sleep apnea

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant must surrender to the United States Marshal for this district:
  ☐ at _____ A.M. on _____
  ☐ as notified by the United States Marshal.

☒ The defendant must surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☒ on or before 6/12/2025 by 12:00 PM
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

3:23-CR-02441-RSH

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | SEAN K. WINSTON (1) | Judgment - Page **3** of 10 |
| CASE NUMBER: | 3:23-CR-02441-RSH | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant will be on supervised release for a term of:
3 years as to each count 1,2,3,4,5 to run concurrently for a total of 3 years

## MANDATORY CONDITIONS

1. The defendant must not commit another federal, state or local crime.
2. The defendant must not unlawfully possess a controlled substance.
3. The defendant must not illegally possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than 4 drug tests per month during the term of supervision, unless otherwise ordered by the court.
   ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (check if applicable)
4. ☐ The defendant must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (check if applicable)
5. ☒ The defendant must cooperate in the collection of DNA as directed by the probation officer. (check if applicable)
6. ☐ The defendant must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where the defendant resides, works, is a student, or was convicted of a qualifying offense. (check if applicable)
7. ☐ The defendant must participate in an approved program for domestic violence. (check if applicable)

The defendant must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | SEAN K. WINSTON (1) | Judgment - Page **4** of 10 |
| CASE NUMBER: | 3:23-CR-02441-RSH | |

## STANDARD CONDITIONS OF SUPERVISION

As part of the defendant's supervised release, the defendant must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for the defendant's behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in the defendant's conduct and condition.

1. The defendant must report to the probation office in the federal judicial district where they are authorized to reside within 72 hours of their release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed.

3. The defendant must not knowingly leave the federal judicial district where the defendant is authorized to reside without first getting permission from the court or the probation officer.

4. The defendant must answer truthfully the questions asked by their probation officer.

5. The defendant must live at a place approved by the probation officer. If the defendant plans to change where they live or anything about their living arrangements (such as the people living with the defendant), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. The defendant must allow the probation officer to visit them at any time at their home or elsewhere, and the defendant must permit the probation officer to take any items prohibited by the conditions of their supervision that he or she observes in plain view.

7. The defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment the defendant must try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about their work (such as their position or their job responsibilities), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. The defendant must not communicate or interact with someone they know is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, they must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If the defendant is arrested or questioned by a law enforcement officer, the defendant must notify the probation officer within 72 hours.

10. The defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. The defendant must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant must comply with that instruction. The probation officer may contact the person and confirm that the defendant notified the person about the risk.

13. The defendant must follow the instructions of the probation officer related to the conditions of supervision.

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | SEAN K. WINSTON (1) | Judgment - Page **5** of 10 |
| CASE NUMBER: | 3:23-CR-02441-RSH | |

## SPECIAL CONDITIONS OF SUPERVISION

1. Submit your person, property, house, residence, vehicle, papers, [computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media,] or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. The offender must warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the offender has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.
2. Provide complete disclosure of personal and business financial records to the probation officer as requested.
3. Notify the Collections Unit, United States Attorney's Office, of any interest in property obtained, directly or indirectly, including any interest obtained under any other name, or entity, including a trust, partnership or corporation.
4. Notify the Collections Unit, United States Attorney's Office, before transferring any interest in property owned, directly or indirectly, including any interest held or owned under any other name, or entity, including a trust, partnership or corporation.
5. Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.

//

AO 245S (CASD Rev. 08/13) Judgment in a Criminal Case

| DEFENDANT: | SEAN K. WINSTON (1) | Judgment - Page 6 of 10 |
|---|---|---|
| CASE NUMBER: | 3:23-CR-02441-RSH | |

## FINE

The defendant shall pay a fine in the amount of     $10,000

Pay a fine in the amount of $10,000 through the Clerk, U. S. District Court. Payment of fine shall be forthwith. During any period of incarceration, the defendant shall pay fine through the Inmate Financial Responsibility Program at the rate of 50% of the defendant's income, or $25.00 per quarter, whichever is greater.

The defendant shall pay the fine during his supervised release at the rate of $300 per month. These payment schedules do not foreclose the United States from exercising all legal actions, remedies, and process available to it to collect the fine judgment at any time.

Until fine has been paid, the defendant shall notify the Clerk of the Court and the United States Attorney's Office of any change in the defendant's mailing or residence address, no later than thirty (30) days after the change occurs.

```
                    UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF CALIFORNIA
```

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>   v.<br><br>SEAN K. WINSTON,<br><br>            Defendant. | Case No. 23-CR-2441-WQH<br><br>**AMENDED PRELIMINARY ORDER OF CRIMINAL FORFEITURE** |

WHEREAS, the United States has WHEREAS, in the Information, the United States sought forfeiture of all right, title and interest in property of Defendant SEAN K. WINSTON ("Defendant"), pursuant to Title 18, United States Code, Section 981(a)(1) and Title 28, United States Code, Section 2461(c) as property, real or personal, which constitutes or is derived from proceeds traceable to a violation of Title 18, United States Code, Section 1343 as set forth in Counts 1 through 5, of the Information;

WHEREAS, on or about November 30, 2023, Defendant pleaded guilty before Magistrate Judge Karen S. Crawford to Counts 1 through 5 of the Information. Pursuant to the terms of a plea agreement, Defendant consents to the forfeiture allegations of the Information, and consents to the forfeiture of all seized in connection with this the case, including but not limited to the following:

    a. A 2021 Cadillac Escalade, CA Plate: X446K0, VIN: 1GYS3PKL3MR240784;

    b. A 2020 Chevrolet Corvette, CA Plate: D572E1, VIN: 1G1Y83D45L5114781;

    c. A 2018 Rolls-Royce Dawn, CA Plate: D081F1, VIN: SCA666D56JU115656 (the "Rolls-Royce");

      d. A 2022 Mercedes Benz S580, CA Plate: 9BRM947, VIN: W1K6G7GB6NA145234;

      e. A 2021 Lamborghini Urus, CA Plate: 9CWY336, VIN: ZPBUA1ZLOMLA14284 (the "Lamborghini"); and

WHEREAS, on December 19, 2023, this Court accepted the guilty pleas of Defendant;

WHEREAS, by virtue of said guilty plea, the United States is now entitled to possession of the above-referenced properties, pursuant to Title 18, United States Code, Section 981(a)(1) and Title 28, United States Code, Section 2461(c);

WHEREAS, by virtue of the facts set forth in the plea agreement and forfeiture addendum, the Court finds that the United States has established the requisite nexus between the forfeited properties and the offense set forth in Counts 1 through 5;

WHEREAS, on December 29, 2023, Luxury Lease Company ("LLC") submitted a claim to U.S. Customs and Border Protection ("CBP")[1] for the Rolls-Royce and Lamborghini, providing documentation establishing that it is the titled owner of the two vehicles;

WHEREAS, CBP and LLC have entered into an agreement wherein CBP has agreed to return the Rolls-Royce and Lamborghini to LLC in exchange for LLC's promise withdrawal of its claim in the admin forfeiture proceedings and promise to fulfill certain other obligations (*see* ECF No. 17, Attachment A);

WHEREAS, the United States has moved for amended order of forfeiture removing the Rolls-Royce and Lamborghini from these forfeiture proceedings;

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the above-referenced specific properties which are hereby found forfeitable by the Court; and

---

[1] These vehicles were seized by U.S. Homeland Security Investigations ("HSI") and U.S. Customs and Border Protection is the forfeiture processing agency for HSI.

WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record, to review, and no objections having been received;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. The Motion of the United States for Issuance of Amended Order of Criminal Forfeiture (ECF No. 17) is granted.

2. Based upon the guilty pleas of the Defendant to Counts 1 through 5 of the Information, all right, title, and interest of Defendant SEAN K. WINSTON in the following properties, are hereby forfeited to the United States pursuant to Title 18, United States Code, Section 981(a)(1) and Title 28, United States Code, Section 2461(c):

    a. A 2021 Cadillac Escalade, CA Plate: X446K0, VIN: 1GYS3PKL3MR240784;

    b. A 2020 Chevrolet Corvette, CA Plate: D572E1, VIN: 1G1Y83D45L5114781;

    c. A 2022 Mercedes Benz S580, CA Plate: 9BRM947, VIN: W1K6G7GB6NA145234.

3. The aforementioned assets are to be held by U.S. Homeland Security Investigation in its secure custody and control.

4. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties. The Court shall conduct ancillary proceedings as the Court deems appropriate only upon the receipt of timely third-party petitions filed with the Court and served upon the United States. The Court may determine any petition without the need for further hearings upon the receipt of the Government's response to any petition. The Court may enter an amended order without further notice to the parties.

5. Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the specific properties in such manner as the Attorney General may

direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited specific properties must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

6. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the properties, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought.

7. The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the specific properties that are the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

8. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to Title 21 U.S.C. § 853(n) as to the aforementioned assets, in which all interests will be addressed.

9. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

10. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgement.

Dated: March 11, 2024

*William Q. Hayes*
Hon. William Q. Hayes
United States District Court